UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. BOYD, )<br>)<br>　　　　Plaintiff, )<br>)<br>-v- )<br>)<br>SUMMIT COMMUNITY BANK, ALLEN & )<br>HOPE PROCESS SERVERS, INC., D/B/A )<br>ALLEN-HOPE AND ASSOCIATES, AND )<br>ALLEN-HOPE AND ASSOCIATES PROCESS )<br>SERVERS, INC., )<br>)<br>　　　　Defendants. )<br>_____) | No. 1:12-cv-732<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before this Court is a Report and Recommendation issued by the Bankruptcy Judge. (ECF No. 1.)

Although pled as a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (F) and (H), the Bankruptcy Court questioned whether the matter was in fact was a non-core proceeding because it included the request for a money judgment against the defendants. Following prior decisions involving similar facts, the court determined that this was a non-core proceeding, and it issued the present Report and Recommendation. Fed. R. Bankr. P. 9033(a). Federal courts have sanctioned the use of the report and recommendation vehicle under Rule 9033 for non-core and certain core proceedings. *See In re Norris*, 114 F.3d 1182, 1997 WL 256808, at * 11 (5th Cir. 1997) (per curiam) (unpublished opinion) (involving a report recommending a contempt finding in a core proceeding); *see also In re Steele Cattle, Inc.*, 39 F.3d 1192, 1994 WL 596627, at * (10th Cir. 1994) (unpublished table opinion) (commenting, in dicta, that Rule 9033 is not limited to contempt orders

in non-core proceedings); *Hagan v. Okony*, No. 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008) (Maloney, C.J.) (order adopting report and recommendation and noting the similarities between the Bankruptcy Code and Bankruptcy Rules governing report and recommendations and the Federal Magistrate's Act, 28, U.S.C. § 636).

Once served with a report and recommendation, a party has fourteen days to file objections. Fed. R. Bankr. P. 9033(b); *see* 28 U.S.C. § 636(b)(1). The federal district court need only review those portions of the report and recommendation to which objections have been filed. Fed. R. Bankr. P. 9033(d); *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed since the report and recommendation was filed and no objections have been received. Without determining whether the Bankruptcy Court had jurisdiction to enter a final order, because no objections have been filed, and because of the parties' interests in expedient litigation, the recommendations alone are ADOPTED.

Accordingly, **IT IS HEREBY ORDERED** that

1. The Recommendation (ECF No. 1) is **ADOPTED**.

2. Pursuant to 11 U.S.C. §§ 549 and 550, a money judgment in favor of Plaintiff James W. Boyd and against Defendants Allen & Hope Process Servers, Inc., d/b/a Allen-Hope and Associates, and Allen-Hope and Associates Process Servers, Inc. is **GRANTED** in the amount of $3,171.00, together with and costs of $293.00, for a total judgment of $3,464.00.

3. **THIS ACTION IS TERMINATED.**

Date:  August 31, 2012   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge